## 60359. DEMPSEY v. THE STATE.

SMITH, Judge.

This is an interlocutory appeal from an order of the Superior Court of Gwinnett County denying a "Motion for Autrefois Acquit and to Quash Indictment." We affirm.

During the May, 1979 term of the Superior Court of Gwinnett County, appellant was indicted for violation of the Georgia Controlled Substances Act. Appellant was arraigned at the July 1979 term of court, on August 11. He filed a demand for trial pursuant to Code § 27-1901. Although no jurors were impaneled and qualified to try appellant at this time, it is undisputed that at the two succeeding terms, September and November, 1979, jurors were impaneled and qualified. Appellant's case was not placed on the calendar during either of these terms. Three days prior to the end of the November term, appellant withdrew his demand for trial. On February 21, 1980, appellant, having expressly reserved the right to file additional motions, filed his "Motion for Autrefois Acquit and to Quash Indictment." Following a hearing on February 19, 1980, the motion was denied.

The sole issue for determination is whether appellant is fully discharged and acquitted under Code § 27-1901. Code § 27-1901 provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

Under the ruling of the Georgia Supreme Court in *State v. McDonald,* 242 Ga. 487 (249 SE2d 212) (1978), the July term of court cannot be counted in determining whether appellant is discharged under Code § 27-1901. Furthermore, even assuming the September and November terms could be counted (see *Bush v. State,* 152 Ga. App. 598 (263 SE2d 499) (1979)), the withdrawal of the demand for trial prior to the end of the November term amounted to a waiver of the right to automatic discharge. See *Parker v. State,* 135 Ga. App. 620, 621 (218 SE2d 324) (1975); *Adams v. State,* 129 Ga. App. 839 (201 SE2d 649) (1973). Appellant is therefore not entitled to acquittal under Code § 27-1901.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED NOVEMBER 17, 1980 —
REHEARING DENIED DECEMBER 10, 1980.

*J. Ralph McClelland, III,* for appellant.
*W. Bryant Huff,* District Attorney, *John Moore,* Assistant
District Attorney, for appellee.