## 62884. MYERS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of kidnapping, rape, and aggravated sodomy. *Held:*

1. The first enumeration of error concerns the failure of the trial court to give several requests to charge on the issue of consent. The requests contain language from a bygone day which require the victim to demonstrate "utmost resistance" and to resist "with all her power." Such language is no longer required. See *Curtis v. State,* 236 Ga. 362 (1) (223 SE2d 721) (1976). The court's charge that "consent to sexual intercourse obtained through a present and immediate fear of serious bodily harm to the female involved is the equivalent of no consent at all" accurately states the law and was adjusted to the facts of the case. *Curtis v. State,* supra.

The defendant contends that an instruction concerning consent also should have been given as to the kidnapping and aggravated sodomy counts. No such charge was requested of the trial court, nor does counsel suggest any authority requiring such a charge. The jury

was required by the court's charge to find beyond a reasonable doubt that the offenses were committed by force, and against the victim's will. These elements negate the possibility of consent.

2. The trial court did not err in excluding testimony of a defense witness offered to show that the victim's general reputation was bad. The witness was prepared to testify that he had never met the victim but had talked to her on the phone where she worked and that she had a reputation for "partying." The only possible relevance of such evidence would rest upon the innuendo that "partying" equates to prior sexual behavior. The evidence was properly excluded under the provisions of Code Ann. § 38-202.1, which forbids the introduction of evidence concerning the victim's past sexual behavior unless it directly involved the participation of the one accused or supports an inference that he could have reasonably believed that she consented to the conduct charged. The statutory exceptions are clearly not applicable since the defendant had never seen the victim until the night the offenses were committed. See *Parks v. State,* 147 Ga. App. 617 (249 SE2d 672) (1978).

3. The defendant next contends that the trial court erred in refusing to receive in evidence a medical report which included a notation that the victim had last engaged in voluntary sexual activity some hours before she was raped. The admission of this document was urged upon the basis of Code Ann. § 38-315, which provides that "statements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." By way of stipulation and the testimony of witnesses, the relevant results of the victim's medical examination were before the jury except for the information concerning the earlier voluntary intercourse, which information is protected by Code Ann. § 38-202.1. See *Johnson v. State,* 146 Ga. App. 277 (1) (246 SE2d 363) (1978). This enumeration of error is without merit.

4. Next, defendant argues that throughout the trial the trial judge showed a predisposition against him. We have carefully reviewed the portions of the record cited in support of this contention, and we are satisfied that the trial was conducted fairly and properly. This enumeration of error is without merit.

5. Finally, we are urged to reverse because the trial court refused to admit the results of a polygraph examination. Unlike the case of *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977), there was no stipulation in this case between the state and the defendant that the results of the test would be admissible. Accordingly, the trial court

properly excluded the evidence.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 12, 1981 —
REHEARING DENIED DECEMBER 8, 1981 —

*Bentley C. Adams III, Gregory Z. Schroeder, Rosemary P. Thomas,* for appellant.

*Robert E. Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.