### 64836, 64837. SMILEY v. THE STATE (two cases).
### 64838. SMART v. THE STATE.

DEEN, Presiding Judge.

These cases are considered together as they all arise from the same state of facts. Smiley, Smart, and Judge were arrested and indicted for the offense of armed robbery. Leaving Judge in the getaway vehicle, Smiley and Smart had entered the bank where Smiley drew a gun on a teller and demanded money. Both men were recognized by two eyewitnesses, escaped during a chase after being recognized by a state trooper but were arrested shortly thereafter and all were found with some of the stolen bills in their possession. *Held:*

1. Case no. 64836 complains only that the trial court failed to grant Smiley's post-conviction application for bail pending appeal. The trial court should not in a noncapital case grant bail where any of the situations listed in *Birge v. State,* 238 Ga. 88, 90 (230 SE2d 895) (1976) appears. The court here found it likely that the defendant would not appear to answer the judgment after the appeal was completed, that there was no merit in the appeal, that the defendant was dangerous, armed, and a multiple offender. For the refusal of post-conviction bail to be reversible it must appear that there was an abuse of discretion. *Pressel v. State,* 161 Ga. App. 488 (287 SE2d 780) (1982). We find none.

2. Although appellant Smiley filed a notice of appeal he failed to file an enumeration of errors or brief either within the time required by law, or within the extension of time granted by this court. Code § 6-701. Nor has a subsequent notice by this court instructing the appellant to file within five days been complied with. We have searched the record and satisfied ourselves, in accordance with *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976) that no reversible error exists, and we accordingly dismiss this appeal. *Byers v. State,* 149 Ga. App. 401 (254 SE2d 515) (1979); *Johnson v. State,* 157 Ga. App. 211 (276 SE2d 913) (1981); *Talley v. State,* 160 Ga. App. 114 (289 SE2d 321) (1981).

3. In the remaining case, the co-defendant, Smart, has only one enumeration of error, to the effect that the court erred in denying a motion to compel the state to provide this defendant with a polygraph examination. The rule is well settled in this state that polygraph reports may only be admitted in evidence by stipulation between the parties. *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977); *Jones v. State,* 156 Ga. App. 543 (1) (275 SE2d 119) (1980); *Myers v. State,* 160 Ga. App. 685 (5) (288 SE2d 27) (1981); *Harper v. State,* 249 Ga. 519 (292 SE2d 389) (1982).

*Judgment affirmed in case nos. 64836 and 64838. Case no. 64837 dismissed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 18, 1982.

*Lloyd D. Murray,* for appellants (case nos. 64836, 64837).
*Jack E. Carney, Jr.,* for appellant (case no. 64838).
*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney,* for appellee.