66858. SMITH v. THE STATE.

CARLEY, Judge.

Appellant brings the instant direct appeal from an order denying her motion made pursuant to OCGA § 17-7-170 (Code Ann. § 27-1901). That statute provides that a defendant in a criminal case "shall be absolutely discharged and acquitted" if, after timely filing a demand for trial, he is not then tried during the term in which the demand is made or the next succeeding regular term thereafter, "provided at both court terms there were juries impanelled and qualified to try him . . ."

1. The first issue to be determined is whether the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion is directly appealable. Asserting that the denial of appellant's motion is not a final order, the state has moved to dismiss the instant appeal because no certificate of immediate review has been secured and no application for an interlocutory appeal has been granted. It is true that, at least prior to *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982), orders such as that appealed from in the instant case were considered as being interlocutory in nature. See generally *Letbedder v. State,* 129 Ga. App. 196 (199 SE2d 270) (1973). In *Patterson,* however, the Supreme Court determined that "a broader construction" of direct appealability "is appropriate where the order appealed from is one denying a plea of double jeopardy." *Patterson v. State,* supra at 877. Appellant in the instant case analogizes the order from which she appeals to the denial of a plea of double jeopardy and contends that her direct appeal is properly before us pursuant to *Patterson.*

Upon a preliminary consideration, there would appear to be a fundamental difference between a plea of double jeopardy and a motion made pursuant to OCGA § 17-7-170 (Code Ann. § 27-1901). A plea of double jeopardy is premised upon the alleged violation of an individual's " 'guarantee against being *twice put to trial* for the same

offense . . . ' " (Emphasis supplied.) *Patterson v. State,* supra at 876. On the other hand, an OCGA § 17-7-170 (Code Ann. § 27-1901) motion proceeds on the theory that the defendant has *never* been put in jeopardy and tried for the crime charged. Under this view, it would follow that the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion does not constitute the denial of a plea of *double* jeopardy — there being no former trial — but is merely a determination that the state's previous failure to place the accused in jeopardy does not bar the state from so placing him in the future.

However, further consideration of the issue leads to the conclusion that the above analysis constitutes too narrow a view of the role that OCGA § 17-7-170 (Code Ann. § 27-1901) plays in our criminal procedure. " 'Where a demand has been regularly made and allowed, and two regular terms of court are thereafter held, and the accused is not placed on trial, *no motion to acquit is necessary, but the discharge of the accused results automatically, by operation of law,* provided qualified juries were impaneled competent to try the case, and the failure to try is not due to the voluntary absence of the accused, or to some other conduct on the part of himself or his counsel.' [Cit.]" (Emphasis supplied.) *State v. King,* 164 Ga. App. 834 (298 SE2d 586) (1982). Thus, the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion does not constitute the trial court's refusal to grant the accused an acquittal and thereby terminate the original prosecution. Rather, the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion constitutes the trial court's determination that the prosecution has not *already* resulted in an automatic acquittal of the accused by operation of law. Therefore, to the extent that the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion allows the prosecution to proceed, it is an adjudication that the impending trial of the accused will not place him in jeopardy for the commission of a crime for which he has previously been acquitted. To this extent, the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion is — at the very least — in the nature of a ruling on the accused's double jeopardy rights. If the OCGA § 17-7-170 (Code Ann. § 27-1901) motion is erroneously denied, and the accused is subsequently tried and convicted, the conviction will be reversed on double jeopardy grounds, but only after the accused has been forced to undergo a trial which never should have been held. See *Day v. State,* 163 Ga. App. 839 (296 SE2d 145) (1982). Accordingly, the same "compelling reasons" which led the Supreme Court in *Patterson v. State,* supra, to hold that the denial of a plea of double jeopardy is directly appealable, lead us to the same conclusion with regard to the denial of an OCGA § 17-7-170 (Code Ann. § 27-1901) motion. " '[If] a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full

protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.' [Cits.]" (Emphasis in original.) *Patterson v. State,* supra at 876.

Accordingly, the state's motion to dismiss the instant appeal as interlocutory is denied.

2. "Where defendant files a special plea of autrefois acquit the burden is upon him to prove such plea. [Cit.] Where such plea depends not upon a trial and jury verdict but on a discharge because of the failure of the court to try him on his demand for trial, it is essential to sustain such a plea that the defendant show either a formal order of discharge or *that the demand was made,* and that at that term of court and the next succeeding term, jurors were impaneled and qualified to try him and that he was present and ready for trial at both terms of court. [Cits.]" (Emphasis supplied.) *Hendricks v. State,* 108 Ga. App. 259 (1) (132 SE2d 845) (1963).

Those cases upon which appellant relies as authority for the proposition that she filed a demand for a speedy trial sufficient to trigger the applicability of OCGA § 17-7-170 (Code Ann. § 27-1901) were specifically overruled in *State v. Adamczyk,* 162 Ga. App. 288 (290 SE2d 149) (1982). See also *Forbus v. State,* 250 Ga. 24 (295 SE2d 530) (1982). "The court has for some time been unduly liberal in its construction of what constitutes a valid demand for trial sufficient to invoke the sanctions of [OCGA § 17-7-170 (Code Ann. § 27-1901)] ... This liberality has given rise to the use of requests, demands, and motions which, though later made the basis for motions for acquittal pursuant to [OCGA § 17-7-170 (Code Ann. § 27-1901)], cannot reasonably be construed as demands for speedy trial. In order to discourage this type of draftsmanship, we hold that henceforth a demand for trial will not be considered sufficient to invoke the extreme sanction of [OCGA § 17-7-170 (Code Ann. § 27-1901)] unless it is presented for what it is — a demand to be tried within the next succeeding term of court ... [T]he document filed by the defendant in this case cannot reasonably be construed as such a demand ..." *State v. Adamczyk,* supra at 289-290.

As in *State v. King,* supra, appellant has shown no justifiable reliance upon the pre-*Adamczyk* interpretation of OCGA § 17-7-170 (Code Ann. § 27-1901) and no reason why that decision should not be applied retroactively as to her. Accordingly, the denial of appellant's motion is affirmed.

3. For the reasons discussed in the addendum to *State v. Adamczyk,* supra at 290, any questions concerning the denial of appellant's constitutional right to a speedy trial are not addressed at this time.

*Judgment affirmed. Deen, P. J., and Banke, J., concur*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED DECEMBER 8, 1983 — 

Geraldine Smith, *pro se.*
Timothy G. Madison, District Attorney, Larry L. Duttweiler,
*Assistant District Attorney,* for appellee.