## 68344. LOCKHART v. THE STATE.
(322 SE2d 503)

SOGNIER, Judge.

Appellant was convicted of aggravated sodomy, rape, and simple battery and now appeals.

1. Appellant contends the trial court erred by denying his request that he be allowed an opportunity to get some "decent" clothes before standing trial. Appellant argues that he was wearing prison issue shoes and forcing him to appear in court in any type of prison garb is a denial of his presumption of innocence in violation of the Fourteenth Amendment to the Constitution of the United States. This enumeration of error is without merit.

It is a matter of record that appellant was dressed in blue jeans, a shirt and some "flip-flop" shoes with no prison markings of any kind. Further, the trial court stated specifically there was nothing about the clothing and shoes worn by appellant indicating that he was a prisoner. When it is shown on the record that there is nothing distinctive about the clothing a prisoner is wearing, such clothing, even if issued by the sheriff, is sufficiently "civilian" to preclude the possibility of prejudice. *Whittington v. State*, 155 Ga. App. 667 (1) (272 SE2d 532)

(1980).

2. Appellant contends it was error to admit into evidence photographs showing wounds to the victim, because the photographs looked magnified and made the wounds look larger than they were in reality. Thus, the photographs were not a true representation of what they purported to depict. This enumeration of error is not supported by the transcript.

Detective Pennington testified that the photographs in question accurately depicted the injuries to the victim and they were taken the morning the incident occurred. There was no evidence that the injuries were distorted by the photographs. Even if the photographs were enlarged, such enlargements are admissible provided there is no distortion of the objects in the photographs. *Jones v. State*, 249 Ga. 605, 609 (2) (b) (293 SE2d 708) (1982).

3. Appellant contends error in allowing Ann Pierce, an employee of the Rape Crisis Center, to testify that she suggested to the victim that she go to the hospital after the victim told Pierce appellant had inserted a stick in her (the victim's) vagina. The testimony was offered by the State to explain Pierce's conduct and her reason for telling the victim to go to the hospital.

Pretermitting the question as to whether the statement was admissible as an exception to the hearsay rule to explain Pierce's conduct, see *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984), we find no error under the circumstances of this case. A police detective testified earlier in the trial, without objection, that she seized a limb as evidence because the victim indicated the limb has been inserted in the vaginal area. Thus, the same testimony as that given by Pierce was already before the court, and was corroborated by the victim's own testimony. Assuming, arguendo, that Pierce's testimony was inadmissible hearsay, " ' ". . . a reversal will not result where other testimony to the same effect and of like nature was introduced without objection." ' " *Jackson v. Meadows*, 157 Ga. App. 569, 574 (6) (278 SE2d 8) (1981); *Payne v. State*, 152 Ga. App. 471, 473 (2) (263 SE2d 251) (1979); *Robinson v. State*, 229 Ga. 14, 16 (1) (189 SE2d 53) (1972). The trial court's ruling must be both erroneous and harmful to appellant, id., and appellant has shown no harm resulting from admission of Pierce's testimony.

4. After the victim's roommate testified she wasn't worried that the victim was not home at 3:00 a.m., appellant's counsel stated: "It wasn't unusual for her not to be home at that hour?" The trial court sustained the State's objection to this question on the ground that it created an innuendo concerning the victim's past sexual behavior, which is prohibited by the Rape Shield Statute, OCGA § 24-2-3. Appellant contends that ruling was error. We find *Myers v. State*, 160 Ga. App. 685, 686 (2) (288 SE2d 27) (1981) controlling. We held there

it was proper to exclude evidence in a rape case that the victim had a reputation for "partying," as the only possible relevance of such evidence would rest upon the innuendo that "partying" equates to prior sexual behavior. *Myers v. State*, 160 Ga. App. 685, 686, supra.

Hence, it was not error to exclude the testimony appellant sought to elicit.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984.

*Martin S. Jackel, Thomas M. Cerbone,* for appellant.
*Spencer Lawton, Jr., District Attorney, Michael A. Lewanski, David T. Lock, Assistant District Attorneys,* for appellee.