## 42080. HUBBARD v. THE STATE.
(333 SE2d 827)

GREGORY, Justice.

Hubbard was convicted of theft by taking in the Superior Court of Camden County. The Court of Appeals reversed the conviction and remanded for a new trial, holding that the trial court had improperly denied the defendant the right to make opening and closing arguments. *Hubbard v. State*, 167 Ga. App. 32 (305 SE2d 849) (1983). After reversal, Hubbard made a demand for trial in superior court pursuant to OCGA § 17-7-170. However, Hubbard did not obtain the trial court's permission to file the demand as required by that code section. More than two terms passed, and again pursuant to § 17-7-170, Hubbard made a motion to dismiss. The trial court denied the motion, and granted Hubbard a certificate for immediate review, pursuant to the interlocutory appeals procedures in OCGA § 5-6-34 (b). Hubbard did not, however, pursue the next step in the statute by applying to the Court of Appeals for permission to file the interlocutory appeal.

The case now comes to this court on certified questions from the Court of Appeals. The court asks if a criminal defendant must follow the interlocutory procedures of OCGA § 5-6-34 (b) when appealing an order denying a motion to dismiss based on OCGA § 17-7-170. The court then asks, if the first question is answered affirmatively, whether the fact that the motion was made after reversal by the Court of Appeals but prior to retrial on the merits is a situation which

dictates a different result.

In its certified questions, the Court of Appeals writes that under circumstances similar to that in the instant case, the court dismissed an action for lack of jurisdiction when an appellant did not pursue the proper interlocutory procedures under OCGA § 5-6-34 (b). *State v. Crapse*, 173 Ga. App. 100 (3) (325 SE2d 620) (1984). But, the Court of Appeals in its questions points to a decision of another panel of the Court of Appeals which reached a contrary result. *Smith v. State*, 169 Ga. App. 251 (312 SE2d 375) (1983). The *Smith* decision relied on the rationale of *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), a double jeopardy case in which we recognized a right of direct appeal. We, in turn, relied on *Abney v. United States*, 431 U. S. 651 (97 SC 2034, 52 LE2d 651) (1977). There, the United States Supreme Court authorized appeal as of right from the denial of a plea of double jeopardy under the federal rule. 28 USC § 1291. We determined, following the same reasoning, that if a defendant is to be afforded the full protection of the double jeopardy clause, which is not limited to protection from double conviction but includes protection from the ordeal of trial itself, it is necessary to recognize the right of review before subsequent exposure to trial. In *Smith*, supra, an analogy between double jeopardy and the speedy trial requirements of OCGA § 17-7-170 was drawn, and we think correctly so.

OCGA § 17-7-170 was enacted to implement the constitutional provision for a speedy trial. *Stripland v. State*, 115 Ga. 578 (41 SE 987) (1902). (The speedy trial provision is found in the 1983 Georgia Constitution at Art. I, Sec. I, Par. XI.) In the absence of a right to a speedy trial the accused might suffer uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely. These values are of a magnitude similar to the values at stake in double jeopardy claims. The Supreme Court has pointed out that, in addition to the concern of being twice convicted, a double jeopardy claimant is concerned with ". . . embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity. . . ." *Green v. United States*, 355 U. S. 184, 187 (78 SC 221, 2 LE2d 199) (1957).

In double jeopardy claims the accused is saying, "I may not now be tried because I have previously been placed in jeopardy." In a claim based on OCGA § 17-7-170 the accused is saying, "I may not now be tried because the time during which I must have been placed on trial has passed." The circumstances bearing on the right to appeal are analogous. Therefore, we hold that the denial of a motion to dismiss based upon OCGA § 17-7-170 is directly appealable under OCGA § 5-6-34 (a).

Our answer to the first certified question of the Court of Appeals is that a criminal defendant is not required to follow the interlocutory

procedures of OCGA § 5-6-34 (b) when appealing, prior to the conclusion of a trial on the merits, from the denial of a plea in bar based on OCGA § 17-7-170. Having thus answered question number one, no answer is required to question number two.

*Question number one answered in the negative. Question number two not answered. All the Justices concur.*

DECIDED SEPTEMBER 4, 1985.

*Michael B. Perry,* for appellant.

*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney,* for appellee.