## 76829. CLAYPOOL v. THE STATE.
### (373 SE2d 765)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with rape, aggravated sodomy, and kidnapping with bodily injury. Verdicts of guilty were returned on all counts. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. The trial court's admission of evidence of appellant's commission of four prior similar criminal acts is enumerated as error.

"Evidence of similar transactions or crimes is admissible when it is shown that the defendant is the perpetrator of·the similar offense, and there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. [Cit.] Evidence of independent crimes has been admitted to show bent of mind and course of conduct, and has been most liberally extended in the area of sexual offenses. [Cit.] There was no question that appellant was the perpetrator of the similar offense[s], and the modus operandi of appellant was the same. Thus, such evidence was admissible to show appellant's bent of mind . . . . [Cit.]" *Davis v. State*, 180 Ga. App. 190, 191-192 (2) (348 SE2d 730) (1986). See also *Sparks v. State*, 172 Ga. App. 891, 892 (3) (324 SE2d 824) (1984).

Appellant's reliance upon *Moore v. State*, 254 Ga. 674 (333 SE2d 605) (1985) and *Banks v. State*, 185 Ga. App. 851 (366 SE2d 228) (1988) is misplaced. In *Moore* and in *Banks*, it was held that evidence of asserted prior instances of similar criminal conduct is inadmissible under the doctrine of collateral estoppel if the defendant has been previously tried *and acquitted* of criminal charges based upon that prior conduct. In the present case, appellant has not been tried and acquitted in connection with any of the four prior incidents.

2. The trial court did not err in allowing the arresting officers to give testimony concerning appellant's attempt to flee at the time of

his arrest. " '(A)ll circumstances connected with the arrest of the defendant are admissible and may be weighed by the jury for whatever they are worth. [Cit.]' [Cit.]" *Lanham v. State*, 184 Ga. App. 554, 556 (2) (362 SE2d 131) (1987). See also *Preston v. State*, 257 Ga. 42, 45 (7) (354 SE2d 135) (1987).

3. Appellant moved that he be discharged and acquitted for failure of the State to try him in a timely manner pursuant to his demand for trial under OCGA § 17-7-170. The trial court's denial of this motion is enumerated as error.

On October 14, 1985, appellant did file a proper demand for trial in accordance with OCGA § 17-7-170. Thereafter, however, appellant not only filed a written withdrawal of his demand for trial on January 22, 1986, he also waived his demand for trial by seeking, each time his case was called for trial, a continuance for additional time within which to prepare his defense. See *Myron v. State*, 248 Ga. 120, 121 (2) (281 SE2d 600) (1981). Accordingly, this enumeration is without merit.

4. The trial court's refusal "to consider or exercise any discretion as to appellant's timely filed Motion in Limine" is enumerated as error.

"The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. [Cits.]" *State v. Johnston*, 249 Ga. 413, 415 (291 SE2d 543) (1982). See also *Sapp v. State*, 184 Ga. App. 527, 530 (6) (362 SE2d 406) (1987); *Holt v. State*, 181 Ga. App. 798, 799 (1) (354 SE2d 167) (1987). Moreover, the record shows that the trial court did consider the merits of appellant's motion in limine in a pretrial hearing held pursuant to Uniform Superior Court Rule 31.3. Accordingly, this enumeration is without merit.

5. Appellant enumerates as error the trial court's refusal to allow him to conduct a thorough and sifting cross-examination of the victim.

Appellant sought to cross-examine the victim concerning her former membership in or contacts with a motorcycle gang or club. Whether OCGA § 24-2-3, the Rape Shield Law, would render evidence of such contacts or membership on the part of the victim statutorily inadmissible (see *Myers v. State*, 160 Ga. App. 685 (288 SE2d 27) (1981); *Lockhart v. State*, 172 Ga. App. 170 (322 SE2d 503) (1984)) need not be decided. The record shows that appellant failed to make any showing of the relevance of such an inquiry, notwithstanding the trial court's repeated requests that such a showing be made. " 'The right to a thorough and sifting cross-examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. [Cits.]' [Cits.]" *Allen v. State*, 137 Ga. App. 302, 303 (3) (223 SE2d 495)

(1976). "[T]he scope of cross-examination is not unlimited. That extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretion is abused. [Cit.]" *Hudson v. State*, 137 Ga. App. 439, 440 (1) (224 SE2d 48) (1976). See also *Deyton v. State*, 182 Ga. App. 73, 74 (3) (354 SE2d 625) (1987). The transcript reveals no abuse of the trial court's discretion in refusing to permit cross-examination of the victim concerning a matter, the relevance of which had not been demonstrated. Accordingly, this enumeration is without merit.

6. Appellant enumerates the general grounds with regard to his conviction for kidnapping with bodily injury. A thorough examination of the record reveals that, from the evidence produced at trial, a rational trior of fact could reasonably have found appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 178 Ga. App. 581, 591 (12) (344 SE2d 247) (1986).

Appellant further urges an evidentiary insufficiency to authorize his conviction for both kidnapping *with bodily injury* and for rape. This contention would have merit if the State had relied solely upon the evidence of appellant's commission of a single act of rape to satisfy the "bodily harm" element of the kidnapping charge. See *Allen v. State*, 233 Ga. 200, 202 (3) (210 SE2d 680) (1974). However, such is not the case. Although appellant was only charged with one count of rape, there was evidence that he raped the victim not once but twice. In addition, there was evidence that appellant struck the victim repeatedly during the attack. Accordingly, this case is factually distinguishable from *Allen* and similar cases. The evidence which authorizes appellant's rape conviction is separate and distinct from the evidence which authorizes his conviction of kidnapping with bodily injury.

7. The trial court charged the jury that it would be authorized to convict appellant of both rape and kidnapping with bodily injury. This charge is enumerated as error. Pursuant to our holding in Division 6, there was no error in so charging the jury.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED OCTOBER 3, 1988

*Marshall L. Helms, Jr.*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.