A89A0703. LUSHER v. THE STATE.
(386 SE2d 364)

BENHAM, Judge.

This appeal is from the trial court's denial of appellant's motion for discharge and acquittal, brought pursuant to OCGA § 17-7-170 (b).

Appellant was issued traffic citations for driving under the influence and failing to have proof of insurance on April 23, 1988. On May 9, 1988, an accusation charging appellant with driving under the influence in violation of OCGA § 40-6-391 (a) (4) was filed by the Solicitor of Glynn County in the state court. During a court appearance on May 19, 1988, appellant filed a document in which he referred to

OCGA § 17-7-170 and demanded that his case be tried "in this term or the next succeeding term of Court." On December 12, 1988, appellant filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b), which motion the trial court denied. This direct appeal followed. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985); *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983).

"Any person against whom . . . an accusation is filed with the clerk for [a non-capital offense] may enter a demand for trial at the court term at which the . . . accusation is filed or at the next succeeding regular court term thereafter. . . . [T]he demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed. . . . If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the . . . accusation. For purposes of computing the term at which a misdemeanor must be tried under this Code section, there shall be excluded any civil term of court in a county in which civil and criminal terms of court are designated; and for purposes of this Code section it shall be as if such civil term was not held." OCGA § 17-7-170.

In support of his motion for discharge, appellant submitted the affidavit of the Clerk of the State Court of Glynn County who averred that the state court has six two-month terms of court, (January, March, May, July, September, and November) and that criminal juries were impaneled in 1988 during the January, March, May and September terms. In a supplemental statement, the clerk certified that juries were impaneled on the following dates: May 2-4, 1988 (May term); October 3-6, 1988 (September term); and December 5-9, 1988 (November term). The terms of court commence on the first Monday of every other month. Ga. L. 1981, p. 3359, Sec. 5.

We address initially the timeliness of appellant's motion for discharge and acquittal. While appellant's demand was filed during the May term of court, the provisions of OCGA § 17-7-170 were not triggered until the September term because no jury was impaneled to try appellant during that portion of the May term that followed his demand, and no jury was impaneled during the July term. See *Waller v. State*, 251 Ga. 124 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984); *State v. McDonald*, 242 Ga. 487 (249 SE2d 212) (1978); *Dempsey v. State*, 156 Ga. App. 806 (275 SE2d 671) (1980). Appellant was not tried in either the September or November terms, and at both terms juries were impaneled. The clerk's averment that criminal juries were impaneled during the May and September terms, thereby implying that the jury impaneled December 5-9 was not a criminal jury, does not cause us to exclude

the November term as a civil term of court in computing the term at which appellant had to have been tried. See OCGA § 17-7-170. There is no evidence in the record that terms of court for the State Court of Glynn County have been designated as civil and criminal, and the legislation involving the State Court of Glynn County (from the Establishing Act of 1943 to the present) has not designated civil and criminal terms of court. In fact, Section 1 of the Act amending the Act that created the State Court of Glynn County (Ga. L. 1973, p. 2570) makes it clear that no distinction exists between the panels of jurors chosen for civil and criminal trials in Glynn County. The legislation states, "All cases and issues to be tried by jury at said trial session, whether civil or criminal, shall be tried by a jury stricken from said panel." We therefore conclude that the jury impaneled in the November term, whether or not it heard only civil cases, was a jury impaneled and qualified to try appellant. See *Huckeba v. State,* 157 Ga. App. 795, 798 (278 SE2d 703) (1981). Therefore, while appellant's demand was filed in the May term, it was not effective until the September term, and both the September and November terms passed without appellant having been tried, despite juries having been impaneled during both terms.

The State maintains the trial court was correct in denying appellant's motion for discharge and acquittal because appellant's demand was never spread upon the minutes and because it was not filed at a time when a jury was impaneled and qualified to try him. Contrary to the State's belief, appellant had no duty to spread his demand on the minutes. Appellant had only to file his demand and serve it on the prosecutor. OCGA § 17-7-170 (a). " 'If the jury demand be made, it is the right of the accused to have it spread upon the minutes and the duty of the *clerk* to do it.' [Cit.]" *Pless v. State,* 157 Ga. App. 681 (278 SE2d 475) (1981). (Emphasis supplied.) In addition, the State has misconstrued OCGA § 17-7-170, which only requires that *during the court terms* there be juries impaneled and qualified to try a defendant; it does not require such a jury the moment appellant files his demand for trial. The certificate of the court clerk, to the effect that juries were impaneled during the September and November terms of court, belies the State's assertion that no jury was impaneled when appellant's motion was filed.

While not arguing the issue, the State also points out facts that it contends lead to the conclusion that appellant waived his demand for trial. "A waiver of the demand would result . . . from any . . . act on [the defendant's] part showing affirmatively that he consented to passing the case until a subsequent term." *Walker v. State,* 89 Ga. 482 (15 SE 553) (1892).

This court has held that the filing of a motion challenging the array of jurors constitutes a consent to delay (*Wilson v. State,* 181

Ga. App. 337 (352 SE2d 189) (1986)), as does filing a motion to suppress, the grant of which is appealed by the State (*State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985)), and filing a motion for continuance (*Claypool v. State*, 188 Ga. App. 642 (3) (373 SE2d 765) (1988)). Where there is no precedential case law to guide the determination of waiver and no clear oral statement of waiver on the record, only a statement as clear as that required in making the demand should constitute a waiver. See *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982).

Apparently relying upon a letter dated September 9, 1988, from appellant's counsel to the solicitor, advising him that it "would not be necessary to hear the motions" in appellant's case and the unsigned notation of "motion withdrawn 9-13-88" on the accusation, the State seems to argue that appellant waived his demand for trial by withdrawing his "motion." By setting forth this argument, the State equates a demand for trial with a motion. However, a motion is "[a]n application to the court for an order" (OCGA § 9-11-7 (b) (1)), while a demand, be it for a copy of the indictment or accusation, or a list of witnesses (OCGA § 17-7-110); for oral and written custodial statements (OCGA § 17-7-210); for scientific reports (OCGA § 17-7-211); or for a trial (OCGA § 17-7-170), is addressed to the State. Through a demand or request, a defendant seeks that to which he is statutorily entitled. A motion (to suppress, for a *Jackson-Denno* hearing, for a protective order) seeks a judicial ruling concerning that to which a defendant is statutorily entitled. Appellant's letter concerned motions and the unsigned notation on the accusation concerned a motion. A demand for trial is not a motion and therefore is not the subject of either the letter or the notation. In all likelihood, the letter and notation referred to appellant's motion for a *Jackson-Denno* hearing on the voluntariness of his in-custody statements and his motion to suppress based on alleged non-compliance with OCGA § 40-5-55.

Inasmuch as appellant made his OCGA § 17-7-170 demand and did not withdraw it; the court clerk has certified that juries were impaneled during the September and November terms of court; and appellant was not tried during the September or November term, appellant was entitled to discharge and acquittal pursuant to OCGA § 17-7-170 (b).

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., concurs specially. Beasley, J., dissents.*

DEEN, Presiding Judge, concurring specially.

Except for the proposition that only a statement of waiver as clear as that required in making a demand for trial shall constitute a waiver, I concur with the majority opinion. I note further that the

trial court apparently denied the motion for discharge and acquittal on the grounds that the appellant had not complied with the OCGA § 17-7-170 requirements of placing the demand on the minutes and filing the demand when there were juries impaneled and qualified to try him; there was no mention of any waiver of the demand. In this regard, there would seem to be no need to generate an issue of waiver, where neither the state nor the trial court below was concerned about it.

BEASLEY, Judge, dissenting.

I respectfully dissent, for the same reason of waiver explained in *Smith v. State*, 192 Ga. App. 604 (___ SE2d ___) (1989). The clerk certified by supplemental record that motions were set for hearing in Lusher's case on September 13. The State announced ready and defense counsel announced that his client was available but that he was withdrawing his motions. He had notified the solicitor of this by the letter of September 9 referred to in the *Smith* case.

DECIDED JULY 13, 1989 —
REHEARING DENIED JULY 31, 1989 —

*Lane & Tucker, Alan D. Tucker*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.