A89A0970. LaROUCHE v. THE STATE.
(386 SE2d 367)

BENHAM, Judge.

This appeal is from the trial court's denial of appellant's motion for discharge and acquittal, brought pursuant to OCGA § 17-7-170 (b).

On April 20, 1988, accusations were filed by the Solicitor of Glynn County in the state court charging appellant with simple battery and public drunkenness. Appellant filed a demand for trial pursuant to OCGA § 17-7-170 on May 26, 1988, and delivered a copy to the prosecutor. On January 10, 1989, appellant filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b), which motion the trial court denied. This direct appeal followed. *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985); *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983).

"Any person against whom . . . an accusation is filed with the clerk for [a non-capital offense] may enter a demand for trial at the court term at which the . . . accusation is filed or at the next succeeding regular court term thereafter. . . . [T]he demand for trial

shall be served on the prosecutor and shall be binding only in the court in which the demand is filed. . . . If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the . . . accusation. For purposes of computing the term at which a misdemeanor must be tried under this Code section, there shall be excluded any civil term of court in a county in which civil and criminal terms of court are designated; and for purpose of this Code section it shall be as if such civil term was not held." OCGA § 17-7-170.

In support of his motion for discharge, appellant submitted the affidavit of the Clerk of the State Court of Glynn County, who averred that the state court had six two-month terms of court in 1988 (January, March, May, July, September, November) and that criminal juries were impaneled during the January, March, May, September, and November terms of court. The terms of court commenced on the first Monday of every other month. Ga. L. 1981, p. 3359, Sec. 5. In a supplemental statement, the clerk certified that following the date of appellant's demand, juries were impaneled on the following dates: October 3-6, 1988 (September term); December 5-9, 1988 (November term); and January 9-12, 1989 (January term).

We address initially the timeliness of appellant's motion for discharge and acquittal. While appellant's demand was filed during the May term of court, the provisions of OCGA § 17-7-170 were not triggered until the September term because no jury was impaneled to try appellant during that portion of the May term that followed his demand, and no jury was impaneled during the July term. See *Waller v. State*, 251 Ga. 124 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984); *State v. McDonald*, 242 Ga. 487 (249 SE2d 212) (1978); *Dempsey v. State*, 156 Ga. App. 806 (275 SE2d 671) (1980). Appellant was not tried in either the September or November terms, and at both terms juries were impaneled. Therefore, while appellant's demand was filed in the May term, it was not effective until the September term, and both the September and November terms passed without appellant having been tried, despite juries having been impaneled during both terms.

The State maintains the trial court was correct in denying appellant's motion for discharge and acquittal because appellant's demand was never spread upon the minutes and because it was not filed at a time when a jury was impaneled and qualified to try him. Contrary to the State's belief, appellant had no duty to spread his demand on the minutes. Appellant had only to file his demand and serve it on the prosecutor. OCGA § 17-7-170 (a). " 'If the jury demand be made, it is the right of the accused to have it spread upon the minutes and the

duty of the *clerk* to do it.' [Cit.]" *Pless v. State,* 157 Ga. App. 681 (278 SE2d 475) (1981). (Emphasis supplied.) In addition, the State has misconstrued OCGA § 17-7-170, which only requires that *during the court terms* there be juries impaneled and qualified to try a defendant; it does not require such a jury the moment appellant files his demand for trial. The affidavit of the court clerk, to the effect that juries were impaneled during the September and November terms of court, belies the State's assertion that no jury was impaneled when appellant's motion was filed.

While not arguing the issue, the State also points out facts that it contends lead to the conclusion that appellant waived his demand for trial. "A waiver of the demand would result . . . from any . . . act on [the defendant's] part showing affirmatively that he consented to passing the case until a subsequent term." *Walker v. State,* 89 Ga. 482 (15 SE 553) (1892).

This court has held that the filing of a motion challenging the array of jurors constitutes a consent to delay (*Wilson v. State,* 181 Ga. App. 337 (352 SE2d 189) (1986)), as does filing a motion to suppress, the grant of which is appealed by the State (*State v. McNeil,* 176 Ga. App. 323 (335 SE2d 728) (1985)), and filing a motion for continuance (*Claypool v. State,* 188 Ga. App. 642 (3) (373 SE2d 765) (1988)). Where there is no precedential case law to guide the determination of waiver and no clear oral statement of waiver on the record, only a statement as clear as that required in making the demand should constitute a waiver. See *State v. Adamczyk* 162 Ga. App. 288 (290 SE2d 149) (1982).

Apparently relying upon a letter dated September 9, 1988, from appellant's counsel to the solicitor advising him that it "would not be necessary to hear the motions" in appellant's case and the unsigned notation of "motion withdrawn 9-14-88" on the accusation, the State seems to argue that appellant waived his demand for trial by withdrawing his "motion." By setting forth this argument, the State equates a demand for trial with a motion. However, a motion is "[a]n application to the court for an order" (OCGA § 9-11-7 (b) (1)), while a demand, be it for a copy of the indictment or accusation, or a list of witnesses (OCGA § 17-7-110); oral and written custodial statements (OCGA § 17-7-210); scientific reports (OCGA § 17-7-211); or for a trial (OCGA § 17-7-170), are addressed to the State. Through a demand or request, a defendant seeks that to which he is statutorily entitled. A motion (to suppress, for a *Jackson-Denno* hearing, for a protective order) seeks a judicial ruling concerning that to which a defendant is statutorily entitled. Appellant's letter concerned motions and the unsigned notation on the accusation concerned a motion. A demand for trial is not a motion and therefore is not the subject of either the letter or the notation. In all likelihood, the letter and nota-

tion referred to appellant's motion for a *Jackson-Denno* hearing on the voluntariness of his in-custody statements and his notice of intent to raise a defense of insanity or mental incompetence, the latter a prerequisite to judicial determination of the necessity of a mental examination, a non-jury hearing, or a special jury determination of the issue. See Rule 31.4 of the Uniform Rules of the State Courts. In the case at bar, the unknown notator shared the same belief, marking "motion withdrawn 9-14-88" on the notice of intent to raise the insanity defense.

Inasmuch as appellant made his OCGA § 17-7-170 demand and did not withdraw it; the court clerk has sworn that juries were impaneled during the September and November terms of court; and appellant was not tried during either of those terms, appellant was entitled to discharge and acquittal pursuant to OCGA § 17-7-170 (b).

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., concurs specially. Beasley, J., dissents.*

Deen, Presiding Judge, concurring specially.

I concur specially for the reasons stated in my special concurrence in *Lusher v. State*, 192 Ga. App. 606 (___ SE2d ___) (1989).

Beasley, Judge, dissenting.

I respectfully dissent for the same reason of waiver explained in *Smith v. State*, 192 Ga. App. 604 (___ SE2d ___) (1989). The clerk certified by supplemental record that motions were set for hearing on September 14 and that they were withdrawn, as is further indicated on the front of the accusations and on the notice of intent to raise insanity. The letter of September 9 quoted in *Smith* also referred to LaRouche's pending case.

DECIDED JULY 13, 1989 —
REHEARING DENIED JULY 31, 1989 — 

*Lane & Tucker, Robert L. Crowe*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.