A89A1513. HIGHTOWER v. THE STATE.
(385 SE2d 27)

DEEN, Presiding Judge.

Appellant Charles Hightower and his brother, William, were passengers in an automobile owned and being driven by one Kreg Richardson when a state trooper stopped them for speeding on a Terrell County highway. William was in the front passenger seat, and Charles was seated behind him. A white powdery substance subsequently identified as cocaine was found in a matchbox in Charles' pocket, and cocaine and related paraphernalia were found behind the dashboard and in the floor between the front and back seats. There was testimony that Charles had attempted to toss items out the window when he saw the patrol car.

The trial court directed a verdict of "Not guilty" for William Hightower, and the jury acquitted Richardson and found Charles guilty as charged. On appeal he enumerates as error the sufficiency of the evidence and the trial court's sustention of an objection by co-defendant's counsel during cross-examination of Richardson. *Held*:

1. First addressing appellant's second enumeration, we conclude from our scrutiny of the entire record that there was sufficient competent evidence to authorize a rational trier of fact to find appellant guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This enumeration is without merit.

2. Examination of the trial transcript reveals that twice before the incident of which appellant complains, other counsel had objected, and the court had sustained the objections, to appellant's counsel's attempts to elicit from Richardson some other explanation than the one Richardson had already given for making contradictory statements as to what he had been doing just prior to taking the drive which resulted in his being stopped for speeding. Richardson had previously lied — and admitted to lying — about his whereabouts and activities because (as he stated when he admitted to the lie) he had not wanted law enforcement authorities to know that he had been heavily engaged in girl-watching. At the time of which appellant complains, the court had temporarily overruled Richardson's counsel's ob-

jection, but when counsel again interrupted, "Your honor, may I make the fourth objection on this very same issue . . . That's not relevant . . . at all," the court sustained the objection, stating, "Mr. Martin, I think . . . that's gone far enough in this . . . Now, whatever could be established — you've had opportunity to establish." The next witness was then called.

Study of the trial transcript fails to persuade us that continuation of appellant's counsel's repetitious line of questioning would have revealed anything "crucial to the . . . development of the defense of this appellant," as counsel contends in his brief. The transcript makes it clear that any impeachment that might have been sought had already been accomplished; it is difficult to think what significance any further testimony on this same point could have had, as further repetition would not have enhanced the facts' relevance or materiality. "'The right to a thorough and sifting cross-examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial.'" *Allen v. State*, 137 Ga. App. 302, 303 (223 SE2d 495) (1976). "[T]he scope of cross-examination . . . necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretion is abused." *Hudson v. State*, 137 Ga. App. 439, 440 (224 SE2d 48) (1976); accord *Claypool v. State*, 188 Ga. App. 642, 644 (373 SE2d 765). Finding no abuse of discretion here, we find no error.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 14, 1989.

*C. Truitt Martin, Jr.*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.