## A03A0413. PRATHER v. THE STATE.
(583 SE2d 191)

SMITH, Chief Judge.

On April 4, 2002, Darrin Lamar Prather was indicted on one count each of family violence battery and obstruction of an officer. He filed a demand for speedy trial on July 23, 2002, which was dismissed on motion by the State. In its order granting the State's motion to dismiss, the trial court found that Prather had not obtained special permission to file an out-of-time demand for speedy trial, as required by OCGA § 17-7-170 (a). Prather appeals from this ruling. Because the record shows that the trial court instructed Prather to file a demand for trial and therefore that he received special permission to file the demand, we reverse.

1. OCGA § 17-7-170 (a) provides that a person charged by indictment or accusation for a noncapital offense may enter a demand for trial during the court term in which the indictment or accusation is filed or at the next succeeding regular term of court. At any subsequent term, the accused must obtain "special permission of the court" to file a demand for trial.

It is undisputed that Prather's written demand for speedy trial was not filed during the term his indictment was filed or during the next succeeding term of court. But at the conclusion of his bond revocation hearing on July 23, 2002, Prather's defense counsel inquired of the court whether he could "be heard in terms of the trial date." In response, the trial court stated, "I have ruled. We will get him on trial as soon as we can get him there. You want a demand, file it and we will try this case quickly." Prather filed his demand for trial a few hours later. Although the trial court did not specifically state that it was granting special permission to file a demand, we agree with Prather that the court granted him "permission to file a speedy trial demand by no less than specifically" instructing him to file one. This is not a case in which the trial court modified or revoked an earlier ruling. Compare *Barrett v. Manus*, 219 Ga. 693 (135 SE2d 430) (1964). Instead, the court's judgment appears to be based on facts not supported by the record, and we are constrained to reverse. See generally *Blockum v. Fieldale Farms Corp.*, 275 Ga. 798, 805 (573 SE2d 36) (2002).

2. The State does not argue the merits of this appeal. Instead, it has moved to dismiss on the ground that this court does not have appellate jurisdiction. Prather filed a direct appeal from the trial court's order, and the State argues that Prather should have followed interlocutory appeal procedures. A direct appeal lies from the denial of a defendant's plea in bar or motion to dismiss based on a violation of the constitutional or statutory right to a speedy trial. *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002); *Hubbard v. State*, 254 Ga.

694 (333 SE2d 827) (1985). Recognizing the rule set out in cases such as *Hubbard* and *Callaway*, the State argues that this case is distinguishable because Prather's appeal is one from the dismissal of a speedy trial demand, as opposed to an appeal from the denial of a motion to dismiss.

We do not agree. "OCGA § 17-7-170 was enacted to implement the constitutional provision for a speedy trial." (Citation omitted.) *Hubbard*, supra at 695. In the absence of this right, an

> accused might suffer uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely. These values are of a magnitude similar to the values at stake in double jeopardy claims. The Supreme Court has pointed out that, in addition to the concern of being twice convicted, a double jeopardy claimant is concerned with embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.

(Citation and punctuation omitted.) Id. As further stated by the Supreme Court of Georgia in *Hubbard*,

> In double jeopardy claims the accused is saying, "I may not now be tried because I have previously been placed in jeopardy." In a claim based on OCGA § 17-7-170 the accused is saying, "I may not now be tried because the time during which I must have been placed on trial has passed." The circumstances bearing on the right to appeal are analogous.

Id. Given the considerations implicated by both the statutory and constitutional speedy trial provisions, the necessity of a direct appeal from such rulings is obvious. If an accused "is to be afforded the full protection of the double jeopardy clause, which is not limited to protection from double conviction but includes protection from the ordeal of trial itself, it is necessary to recognize the right of review *before* subsequent exposure to trial." (Emphasis supplied.) Id.

An obvious prerequisite to filing a motion to dismiss based on the failure to comply with OCGA § 17-7-170 is, of course, the filing of a demand under that statute. For this reason, the dismissal of a demand under OCGA § 17-7-170 raises similar, if not exactly the same, considerations as those raised by the denial of a criminal defendant's motion to dismiss: the right of an accused to avoid undue embarrassment, anxiety, and expense caused by a prolonged period of time between indictment and trial. See *Hubbard*, supra. In this case as well, "the concept of double jeopardy is closely implicated." *Callaway*, supra at 332-333. Consequently, Prather should be afforded a right of review before trial. Under the rationale of *Cal-*

*laway* and *Hubbard*, we conclude that a direct appeal was authorized.

*Judgment reversed. Ruffin, P. J., and Miller, J., concur.*

DECIDED JUNE 5, 2003.

Benjamin A. Davis, Jr., for appellant.
J. Tom Morgan, District Attorney, Roderick B. Wilkerson, Assistant District Attorney, for appellee.