**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 3, 2026

S25A1050. JENKINS v. THE STATE.

COLVIN, Justice.

In this case, Appellant Roshoun Jacarri Jenkins appealed directly from the dismissal of his statutory speedy trial demand, which he made pursuant to OCGA § 17-7-171. Because the dismissal of a speedy trial demand does not fall within one of the categories of cases from which a direct appeal is authorized under OCGA § 5-6-34(a), Jenkins was required to follow the procedures for interlocutory appeals set forth in § 5-6-34(b). But he did not do so. We are therefore without jurisdiction to consider his appeal, and it is accordingly dismissed. See *Duke v. State*, 306 Ga. 171, 172 (2019) ("The provisions of the law respecting the procedure to be followed in perfecting appeals to this Court are jurisdictional, and unless this Court has jurisdiction of a case, it is without power or authority to

render a judgment upon review." (cleaned up)); *Dias v. Boone*, 320 Ga. 785, 789 (2025) ("It is incumbent upon this Court, even when not raised by the parties, to inquire into its own jurisdiction." (quotation marks omitted)).

***

In *Hubbard v. State*, 254 Ga. 694 (1985), we held that when a defendant files a speedy trial demand under OCGA § 17-7-170, which governs speedy trial demands in noncapital cases, and later moves to dismiss the indictment against him under that statute, he may appeal directly from the denial of such motion without following the interlocutory appellate procedures found in OCGA § 5-6-34(b). *Hubbard*, 254 Ga. at 695. In doing so, we implicitly applied the collateral-order doctrine, under which we have permitted direct appeals from "a very small class of interlocutory rulings" that "are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole

2

case is adjudicated." *Duke*, 306 Ga. at 172–73 (2019) (quotation marks omitted). In *Hubbard*, we explained that though the court's denial of the defendant's motion to dismiss the indictment against him was not a final judgment, the collateral-order doctrine applied because the right to a speedy trial includes not only the right to be tried within a certain timeframe, but also the right to be free from the "uncertainty, emotional stress and the economic strain" of pending prosecution once that time has passed. 254 Ga. at 695. Moreover, we reasoned, affording defendants the "full protection" of this right requires "recogniz[ing] the right of [appellate] review *before* subsequent exposure to trial." Id. (emphasis added).

Though the reasoning in *Hubbard* applies with equal force to the present case, we decline to extend our application of the collateral-order doctrine to the circumstances here. As Justice Pinson explained in his concurrence in *Buckner-Webb v. State*, 314 Ga. 823 (2022), "our Court imported the collateral-order doctrine from federal law," id. at 833, where it serves as a "'practical rather than a technical construction'" of the language in the federal

3

appellate-jurisdiction statute, 28 USC § 1291. Id. at 834 (quoting

*Mohawk Indus., Inc. v. Carpenter*, 558 US 100, 106 (2009)). See also

28 USC § 1291 (providing, in relevant part, that "[t]he courts of

appeals ... shall have jurisdiction of appeals from all final

decisions of the district courts of the United States"). But as Justice

Pinson correctly pointed out, the "language, context, and history" of

the federal statute differs materially from our own appellate-

jurisdiction statute. Compare 28 USC § 1291 (authorizing direct

"appeals from all final decisions"), with OCGA § 5-6-34(a)(1)(B)

(authorizing direct appeals from "[a]ll final judgments"). See also

*Abney v. United States*, 431 US 651, 658 (1977) (noting the

significance of Congress's choice to make "final decisions"

appealable, rather than "final judgments," and explaining that

"[w]hile a final judgment always is a final decision, there are

instances in which a final decision is not a final judgment"). As such,

our use of the collateral-order doctrine rests on "doubtful authority."

*Buckner-Webb*, 314 Ga. at 836 (Pinson, J., concurring). The question

of whether to overturn *Hubbard* is not now before us. But we decline

to extend the collateral-order doctrine relied on in *Hubbard* to the circumstances here, where Appellant appeals from an order dismissing the speedy trial demand he made under OCGA § 17-1-171.

*Appeal dismissed. All the Justices concur.*