## A97A2364. COLLINS v. THE STATE.
### (493 SE2d 592)

McMURRAY, Presiding Judge.

Defendant and a co-indictee were jointly charged in an indictment with three counts of armed robbery and three related charges of possession of a firearm during the commission of a crime. An additional count alleged burglary. The co-indictee pleaded guilty to two specific robberies. Defendant was tried separately before a jury, which found him guilty only of one count of armed robbery (Count 8) and the related count of possession of a firearm during the commission of a crime (Count 9). The evidence in support of those charges, including defendant's custodial statement, revealed the following:

Defendant's co-indictee, Verdell Marshall, was the gunman in two armed robberies in Augusta, Georgia, in late March 1994. Melvin Elstein, an employee of "Plum Nelly's Florist on Crawford Avenue," testified that "[t]wo gentlemen came in and stopped about halfway through the front part of the store between two display racks. When [Melvin Elstein] approached them, one of them turned to [Melvin Elstein] and pulled a gun out and asked [him] to back up. [Melvin Elstein] told [his] wife to give them the money. So he [the gunman]

said he'd go up to the register and he'd get it. And he did," taking $20. In a custodial statement, defendant admitted that he was "involved in it [that robbery, by] watching out," while Verdell Marshall "had a gun in the man's face."

Defendant's motion for new trial was denied and this appeal followed. *Held*:

1. Defendant's first two enumerations urge the general grounds.

(a) "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). Defendant first argues the evidence is insufficient to authorize his conviction as a party to the crime of armed robbery under OCGA § 16-2-20 (b) (3) ("[i]ntentionally aids or abets in the commission of the crime"), because his own trial testimony shows he abandoned the enterprise before any property was taken from the victim.

In our view, defendant's testimony that he abandoned the criminal enterprise by bolting from the flower shop at the appearance of a customer is wholly impeached by his custodial statement that he was involved as a lookout for the gunman, while the latter held a gun to Melvin Elstein's face. OCGA § 24-9-83. With defendant thus impeached, the credibility of his claim of abandonment was for the jury to accept or reject. OCGA § 24-9-85 (a).

" 'The defendant's own confession is probably the most probative and damaging evidence that can be admitted against him. The defendant is the most knowledgeable and unimpeachable source of (any incriminating) information about his past conduct, and one can scarcely imagine evidence more damaging to his defense than his own admission of guilt.' (Citations and punctuation omitted.) *Sawyer v. State*, 217 Ga. App. 406, 407 (1), 408 (457 SE2d 685)." *McKinney v. State*, 218 Ga. App. 633, 635 (3) (463 SE2d 136). In the case sub judice, the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, as a party to the crime of armed robbery as alleged in Count 8 of the indictment. *Graves v. State*, 180 Ga. App. 446 (1) (349 SE2d 519).

(b) "Any person who shall have on or within arm's reach of his person a firearm . . . during the commission of, or the attempt to commit: . . . [a]ny crime against or involving the person of another . . . and which crime is a felony, commits a felony. . . ." OCGA § 16-11-106 (b) (1). " 'Defendant may properly be convicted of possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b)) on the ground that he was a party or aider or abettor to the offense (OCGA § 16-2-20). *Wilcox v. State*, 177 Ga. App. 596 (340 SE2d 243) (1986).' *Perkins v. State*, 194 Ga. App. 189, 190 (1) (390 SE2d 273)

(1990)." *Victrum v. State*, 203 Ga. App. 377, 379 (3) (416 SE2d 740).

In the case sub judice, proof that defendant was a willing accomplice, keeping watch while Verdell Marshall took $20 from Melvin Elstein's cash register while pointing a pistol at the proprietor, is sufficient under the standard of *Jackson v. Virginia*, supra, to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, as a party to felony possession of a firearm during the commission of the crime of armed robbery as alleged in Count 9 of the indictment. *Wilcox v. State*, 177 Ga. App. 596, 597, supra.

2. A witness for the State, Quincy Murray, testified at trial that defendant's co-indictee, Verdell Marshall, had told the witness about the robberies, affirming that Verdell Marshall "said that he did it." But Quincy Murray then denied that Verdell Marshall had "indicate[d] anything about [defendant] being involved." The State's Attorney drew Quincy Murray's attention to a statement Murray had given to Officer Timothy J. Taylor of the Augusta Police Department. To impeach his own witness, the State's Attorney moved for permission to play a tape of that interview, contending that "some of the things he [Quincy Murray] has testified to are not consistent with what he said on tape." Officer Taylor then testified he taped the interview with Quincy Murray in his office in the presence of Detective Woods.

Over defendant's objection as to lack of "foundation," the trial court permitted the State to play a portion of the audiotape of that interview. This evidentiary ruling is enumerated as error. On appeal, defendant submits that, in order to be admissible under OCGA § 24-9-83 as "contradictory statements previously made . . . ," those prior statements must contradict sworn testimony at trial whereas in the case sub judice, there was no preliminary showing of any material contradiction as to relevant matters, but only the assertion of the State's Attorney that a contradiction was made by the witness.

OCGA § 24-9-81 does not authorize a party to impeach his own witness, "except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." "Recent decisions have broadly construed the right to impeach one's own witness under this section. [Cits.] A statement by the district attorney that he has been surprised by the testimony is sufficient, in the absence of a showing to the contrary, to show entrapment. *Seay v. State*, 108 Ga. App. 724 (134 SE2d 422) (1963)." *Thomas v. State*, 239 Ga. 734, 735 (3), 736 (238 SE2d 888). In the case sub judice, defendant did not insist on a preliminary review of the tape outside the presence of the jury, in order to test the correctness of the State's contention that Quincy Murray's trial testimony was inconsistent. In the absence of any showing to the contrary, the statement by the State's Attorney, that Quincy Murray's trial testimony was inconsistent

with previous statements to investigators, was sufficient to show entrapment under OCGA § 24-9-81. Consequently, the trial court did not err in allowing the State to impeach its own witness with the audiotape of Quincy Murray's previous interview with the police. *Thomas v. State*, 239 Ga. 734, 735 (3), 736, supra.

3. After a portion of the audiotape of Quincy Murray's police interview was played for the jury, defendant moved for a mistrial on the grounds that "the information on this tape goes way beyond bringing in or impeaching the witness about prior inconsistent statements." Certain statements "impermissibly place[d] [defendant's] character into evidence," and others involved hearsay. The State's Attorney requested that the trial court "give curative instructions as to what was stated that might reflect bad[ly] on his [defendant's] character," but defendant demurred, concluding "that just calls attention to the facts." Defendant then requested that "we at least have the tape stopped and played no more," to which procedure the State's Attorney agreed. The trial court then denied defendant's motion for mistrial.

There was no error in denying the motion for mistrial after defendant declined curative instructions. *Fitzgerald v. State*, 193 Ga. App. 76, 78 (8) (386 SE2d 914). The fourth and fifth enumerations are without merit.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 5, 1997.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.