S01G1786. CALLAWAY v. THE STATE.
S02G0047. WILLIAMS v. THE STATE.
S02G0335. CONEY v. THE STATE.
(567 SE2d 13)

CARLEY, Justice.

In each of these consolidated cases, the appellant filed a direct appeal from an order overruling a plea in bar based on the alleged violation of the constitutional right to a speedy trial. In *Callaway v. State*, 251 Ga. App. 11 (553 SE2d 314) (2001), the Court of Appeals dismissed the appeal, holding that the trial court's order was not directly appealable, but was subject to the interlocutory appeal requirements of OCGA § 5-6-34 (b). In *Williams v. State* and *Coney v. State*, the Court of Appeals followed its decision in *Callaway* and dismissed the appeals by order. We granted certiorari to consider the propriety of the dismissal of these three cases. Applying both settled precedent and logic, we conclude that pre-trial orders denying a constitutional speedy trial claim are directly appealable.

In three opinions, including two very recent ones, this Court clearly stated that such an order is directly appealable. *Thomas v. State*, 274 Ga. 492, fn. 1 (555 SE2d 693) (2001); *Brannen v. State*, 274 Ga. 454, 455, fn. 1 (553 SE2d 813) (2001); *Boseman v. State*, 263 Ga. 730, fn.1 (438 SE2d 626) (1994). The Court of Appeals cited *Boseman*, but, in declining to follow it, noted that that opinion relied on *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985) (involving the statutory speedy trial provision found in OCGA § 17-7-70) "as *direct authority* for its assertion of jurisdiction, without further acknowledging the underlying procedural distinctions between the two cases." (Emphasis in original.) *Callaway v. State*, supra at 14, fn. 1. Even assuming the existence of a procedural difference with *Hubbard*, however, this Court's holding in *Boseman* would still bind the Court of Appeals. The only part of an opinion of this Court which is not binding is language which constitutes obiter dictum. *Rider v. State*, 103 Ga. App. 184, 185 (2) (118 SE2d 749) (1961). The relevant portions of *Thomas*, *Brannen*, and *Boseman* were not obiter, because they were rulings on a pertinent jurisdictional question, which was decided in the regular course of appellate review and as an essential step leading up to the judgment of this Court. See *South Georgia Medical Ctr. v. Washington*, 269 Ga. 366, 367 (1) (497 SE2d 793) (1998).

Furthermore, we cannot see any persuasive rationale for departing from settled precedent as to the applicable methods of pre-trial appeal and creating a distinction between constitutional and statutory speedy trial rulings. The statutory provision is obviously analogous in its purpose to the constitutional right to a speedy trial. *Ould v. State*, 186 Ga. App. 55 (1) (366 SE2d 392) (1988). As the concept of

double jeopardy is closely implicated in both provisions, a defendant may directly appeal from the pre-trial denial of either a constitutional or statutory speedy trial claim. *Hubbard v. State*, supra at 695; *Ould v. State*, supra at 55 (1). Accordingly, we reverse the judgment of the Court of Appeals in each of these cases and remand them for appellate consideration on the merits.

*Judgments reversed and cases remanded. All the Justices concur.*

DECIDED JULY 15, 2002.

*Case No. S01G1786*

*Elizabeth M. Grant*, for appellant.
*Kenneth W. Mauldin, District Attorney, Anna E. Watkins, Assistant District Attorney*, for appellee.

*Case No. S02G0047*

*Dwight L. Thomas, Caprice R. Jenerson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anna E. Green, Assistant District Attorney*, for appellee.

*Case No. S02G0335*

*King & King & Jones, David H. Jones, Matthew Ciccarelli*, for appellant.
*Paul L. Howard, Jr., District Attorney, Kimberly A. Staten-Hayes, Anna E. Green, Assistant District Attorneys*, for appellee.