## A03A1231. McDANIEL v. THE STATE.
### (583 SE2d 141)

PHIPPS, Judge.

Trisha McDaniel was convicted of cruelty to children, aggravated assault, and false report of a crime based on evidence showing that she had cut her child with a knife and told the investigating police officer that Lashonda Poitier had committed the assault. Her motion for new trial was denied, and she appeals. She challenges, among other things, the sufficiency of the evidence and the trial court's admission of the child's testimony. We find no evidentiary insufficiency or error and affirm.

Sammy Heath, Anisha McDonald, and Karen Wood witnessed the incident. Their testimony showed that after McDaniel and Poitier had a heated argument outside their apartments, McDaniel took her son into her apartment and cut him with a knife. Heath testified that before entering her apartment, McDaniel announced that she was going to cut herself and her child and tell the police Poitier had done it. McDonald testified that after the boy ran out of the apartment with his arm bleeding, she heard McDaniel telling him to say that Poitier had cut him. Although McDaniel denied having cut her son with a knife, she admitted that she had scratched him and that she had told him to say that Poitier had cut him.

Clayton County police officers Warner and Ward were summoned to the scene. Warner testified that McDaniel kept telling her son to say that Poitier had cut him and that the child repeated almost verbatim what his mother had told him to say. Ward testified that he questioned the child when he was being treated for the cuts in an ambulance and that the child told him that his mother had cut him with a knife and then put the knife in a sink. Ward further testified that inside the sink, he found a steak knife with blood on a blade that was about six inches long. The knife, however, was not admitted in evidence.

At the time of trial, the child was six years old, and he was called as a State's witness. When asked whether he knew what it meant to tell the truth, he indicated with some equivocation that he did not. But in response to further questioning, he showed that he did understand what it meant to tell a lie and that he knew he would get in trouble if he lied. After he promised he would not lie, the court found him competent to testify and denied a defense motion to have the child declared an incompetent witness due to his youthful age and inability to distinguish the truth from a lie. The child proceeded to testify that his mother had cut him with the knife and told him to lie about it, and that Poitier had not harmed him.

1. In reliance on *In the Interest of J. E. L.*,[1] McDaniel contends that the trial court erred in declaring the child to be a competent witness. We disagree.[2]

*J. E. L.* was decided in 1988. At that time, children who did not understand the nature of an oath were incompetent witnesses under OCGA § 24-9-5.[3] This court in *J. E. L.* recognized that

> [t]he standard of competency of a child to be a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court.[4]

In 1989, however, the General Assembly amended OCGA § 24-9-5 to provide that in criminal cases in which a child is a victim of or witness to a crime, the child is not subject to a competency challenge based on the allegation that he does not understand the nature of an oath.[5] Consequently, McDaniel's reliance on *J. E. L.* is misplaced, and the court did not err in finding the child competent to testify.[6]

---

[1] 189 Ga. App. 203 (375 SE2d 490) (1988).

[2] Citing *Lang v. State*, 201 Ga. App. 836 (1) (412 SE2d 866) (1991), McDaniel also argues that because the child's testimony was inadmissible, the court erred in admitting testimony of other witnesses concerning hearsay statements by the child. Because we conclude that the child's testimony was properly admitted, McDaniel's hearsay challenge is moot.

[3] See *Sizemore v. State*, 262 Ga. 214, 215 (416 SE2d 500) (1992).

[4] (Citation and punctuation omitted.) *In the Interest of J. E. L.*, supra at 204 (1).

[5] See *Sizemore v. State*, supra.

[6] Moreover, although the child could not define the word "truth," he demonstrated that he understood what it meant to tell a lie and that he would get in trouble if he lied; and he promised not to lie. Under the circumstances, the trial court did not abuse its discretion in finding the child to be competent to testify under the old standard. See *In the Interest of J. E. L.*, supra.

2. McDaniel challenges the sufficiency of the evidence to support her convictions based primarily upon asserted conflicts in the testimony of State's witnesses.

McDaniel, however, has shown no material conflict in the witnesses' testimony. The only supposed conflict to which she points relates to whether the child was crying after she cut him. Three witnesses testified that the child was crying. Although a fourth witness testified that she did not think the child was crying, she added that she was not close to him at the time and could not see what was going on very well. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.[7] Viewed in a light favorable to the verdict, there was sufficient evidence to authorize a rational trier of fact to find McDaniel guilty beyond a reasonable doubt of the offenses of which she was convicted.[8]

3. McDaniel contends that her convictions must be reversed under the inconsistent verdict rule, because she was acquitted of a charge that she was in possession of a weapon, i.e., a knife with a blade of three inches or more, during the commission of a crime. As the inconsistent verdict rule has been abolished in criminal cases,[9] this claim of error is without merit.[10]

4. McDaniel complains that her right to a fair trial was prejudiced by a statue of a police officer and a child at the front entrance to the courthouse. Because no mention of this statue appears anywhere in the record, this issue has not been preserved for appellate review.[11]

5. McDaniel contends that the trial court erred in denying her request to give the jury a "presumption of truthfulness" charge.[12]

Our Supreme Court has concluded that such a charge can be misleading and is of little positive value and has recommended that its use be discontinued.[13] The trial court gave full and fair instructions on the jury's role in determining the credibility of witnesses and on the law governing impeachment of witnesses. We find neither prejudice to McDaniel nor error by the trial court.

---

[7] *McKay v. State*, 251 Ga. App. 115, 116 (553 SE2d 672) (2001).

[8] *Coleman v. State*, 194 Ga. App. 404 (1) (391 SE2d 15) (1990).

[9] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[10] Moreover, to warrant a reversal under the inconsistent verdict rule, an irreconcilable conflict in the verdicts was required. *Stewart v. State*, 147 Ga. App. 547, 548 (2) (249 SE2d 351) (1978). There is no irreconcilable conflict here. The jury could have acquitted McDaniel on the knife possession charge based on a determination that the State did not carry its burden of proving the length of the blade of the knife, as opposed to a finding that McDaniel was not in possession of a knife.

[11] See, e.g., *Bowe v. State*, 201 Ga. App. 127, 131 (4) (410 SE2d 765) (1991), rev'd on other grounds, *Watts v. State*, 274 Ga. 373, 375 (1) (552 SE2d 823) (2001).

[12] See *Mims v. State*, 191 Ga. App. 628, 631 (4) (382 SE2d 414) (1989).

[13] Id., citing *Noggle v. State*, 256 Ga. 383, 386 (4) (349 SE2d 175) (1986).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 21, 2003.

*James E. Watkins*, for appellant.
*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.