S04A1870. WIMBERLY v. THE STATE.
(608 SE2d 625)

BENHAM, Justice.

Appellant David Wimberly was arrested on March 26, 2001, in connection with the September 2000 murders of Robert Van Allen and John Lavelle Lynn, and an indictment charging him with the offenses was filed March 28, 2001. The State filed notice of its intent to seek the death penalty on September 7, 2001. On June 2, 2004, Wimberly filed a motion to dismiss for failure to grant a speedy trial/plea in bar to prosecution in which he contended his constitutional right to a speedy trial had been violated. In its order denying the motion, the trial court found appellant had not been prejudiced by the delay in trying him and there was no bad faith on the part of the State in the exercise of its statutory right to elect to try appellant's co-indictee first.[1] Appellant timely filed a notice of appeal to this Court pursuant to our decision in *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002).[2] On appeal, appellant argues the trial court erred by failing to apply the four-factor test of *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972), and maintains that application of said factors requires reversal of the trial court's denial of the motion to dismiss/plea in bar.

" 'A speedy trial is guaranteed an accused by the Sixth Amendment . . . to the Constitution of the United States, and also . . . Art. I, Sec. I, Par. XI (a) of the 1983 Ga. Constitution.' [Cit.] These rights attach at the time of arrest or when formal charges are brought, whichever is earlier. [Cit.]" *Boseman v. State*, 263 Ga. 730, 731 (1)

---

[1] See OCGA § 17-8-4 ("When separate trials are ordered [for jointly-indicted defendants], the defendants shall be tried in the order requested by the state.").

[2] In *Callaway*, this Court held that a criminal defendant may appeal directly from the pre-trial denial of either a constitutional or statutory speedy trial claim.

(438 SE2d 626) (1994). In determining whether an accused's constitutional right to a speedy trial has been violated, the trial court must "engage in a difficult and sensitive balancing process" (*Barker v. Wingo*, supra, 407 U. S. at 533) in which the court assesses the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant (id., 407 U. S. at 530), together with such other circumstances as may be relevant. Id., 407 U. S. at 533. *Wooten v. State*, 262 Ga. 876 (2) (426 SE2d 852) (1993).

The trial court's engagement in the balancing process is contingent upon the defendant having shown the delay since his arrest or indictment is "presumptively prejudicial." "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker v. Wingo*, supra, 407 U. S. at 530.[3] "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation [or arrest] and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay [cit.], since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U. S. 647, 651-652 (112 SC 2686, 120 LE2d 520) (1992). The assumption that a delay is presumptively prejudicial is improper as it can result in unnecessary judicial constitutional analysis. *Salandre v. State*, 806 P2d 562, 565 (N.M. 1991).

We read the trial court's order in the case at bar as a determination that appellant did not successfully establish that the 38-month pre-trial delay was "presumptively prejudicial." Appellant, citing *Boseman v. State*, supra, 263 Ga. 730 (1) (b), asserts the 38-month delay is deemed presumptively prejudicial. However, our statement in *Boseman* that the 27-month delay in that case met the threshold presumption of prejudice was not a holding that all pretrial delays of 27 months or more were "presumptively prejudicial." Such a "bright-line" determination is inconsistent with the U. S. Supreme Court's observation in *Barker v. Wingo*, 407 U. S. at 530-531, that "the length of delay that will provoke [the inquiry into the other factors] is necessarily dependent upon the peculiar circumstances of the case. . . . [T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." In the case at bar, appellant is a co-indictee in a multiple-murder case in which the State is seeking capital punishment,

---

[3] "[A]s the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992).

thereby triggering the use of the pre-trial Unified Appeal Procedure and the need for separate trials for each co-indictee, the latter requirement itself triggering the State's statutory right to decide to try appellant's co-indictee first. The "peculiar circumstances" of this case authorize a finding that appellant's case is being prosecuted with the promptness customary for death penalty cases involving multiple defendants. See *Doggett v. United States*, supra, 505 U. S. at 652. See also *King v. State*, 273 Ga. 258 (539 SE2d 783) (2000) (47-month delay between indictment and trial of death penalty case); *Morrow v. State*, 272 Ga. 691 (532 SE2d 78) (2000) (51-month delay between indictment and trial of death penalty case); *Nance v. State*, 272 Ga. 217 (526 SE2d 560) (2000) (41-month delay between indictment and trial of death penalty case). Compare *State v. Johnson*, 274 Ga. 511 (1) (555 SE2d 710) (2001) ("extraordinary delay" of approximately seven years in non-capital murder trial is "more than sufficient" to cross the presumptively prejudicial threshold); *Nelloms v. State*, 274 Ga. 179 (549 SE2d 381) (2001) (51-month delay in non-capital murder trial constitutes "an extraordinary delay" which is presumptively prejudicial).

Since appellant did not carry his burden of establishing that the 38-month delay since his indictment is "presumptively prejudicial," the trial court did not err when it denied his motion to dismiss/plea in bar without balancing the factors set forth in *Barker v. Wingo*.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., and Hunstein, J., who concur specially.*

FLETCHER, Chief Justice, concurring specially.

Because the 38 month delay between Wimberly's indictment and trial should at least trigger an analysis under *Barker v. Wingo*,[4] I cannot join the majority opinion. I concur with the result, however, because Wimberly has failed to show that the State violated his right to a speedy trial under the factors set forth in *Barker*.

Despite purporting to address the "peculiar circumstances" of this case, the majority has in fact created the bright-line rule that a delay of 38 months between indictment and trial is insufficient to show the "presumptive prejudice" necessary to trigger an inquiry under *Barker*, so long as the State chose to try a co-defendant first. Worse still, the majority's use of an elastic notion of "customary promptness" will undermine the efforts of similarly situated defendants, even those who experience longer delays between indictment and trial, to enforce their right to a speedy trial.

---

[4] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

The supposed reason for holding that the 38 month delay in this case is insufficient to trigger an inquiry under *Barker* is that the State has proceeded with "customary promptness."[5] The majority cites a number of cases in which longer than 38 months elapsed between indictment and trial, but none of those cases dealt with whether the defendant had made a showing of "presumptive prejudice" in a speedy trial challenge.[6] Further, there are just as many or more death penalty cases in which the State proceeded from indictment to trial in less than 38 months,[7] even in complicated trials involving multiple defendants in which the State chose to try a co-defendant first.[8] Because the concept of "customary promptness" can apparently be stretched to fit the "peculiar circumstances" of any case, the majority opinion undercuts a defendant's ability to enforce his right to a speedy trial.

The damage inflicted upon that right is unnecessary, however, because Wimberly has failed to establish that his right to a speedy trial has been violated under the *Barker* factors.[9] First, the delay in this case is not so lengthy as to be patently unjustifiable, as evidenced by all the similar cases that took as long to proceed to trial. Second, because the delay in this case has been caused, at least in part, by the State's decision to prosecute Wimberly's co-defendant first, this case is distinguishable from those involving inexcusable neglect. Third, as the trial court noted in its ruling, Wimberly has failed to show how his purported "alibi defense" has suffered any actual prejudice as a result of the delay.

I cannot join the majority opinion because it fails to articulate any justifiable grounds for concluding that 38 months is insufficient time to trigger an inquiry under *Barker*, and because in failing to do so, it undermines the ability of future defendants to protect this important right. Because Wimberly's right to a speedy trial has not been violated, however, I concur in the result.

I am authorized to state that Justice Hunstein joins in this special concurrence.

---

[5] Majority opinion, p. 66.

[6] Id. at pp. 66-67. Indeed, none of the majority's cases involved a speedy trial challenge at all.

[7] See, e.g., *Cross v. State*, 271 Ga. 427 (520 SE2d 457) (1999) (15 month delay between indictment and trial); *Carruthers v. State*, 272 Ga. 306 (528 SE2d 217) (2000) (17 month delay between indictment and trial); *Yates v. State*, 274 Ga. 312 (553 SE2d 563) (2001) (11 month delay between indictment and trial).

[8] See, e.g., *Butts v. State*, 273 Ga. 760 (546 SE2d 472) (2001) (30 month delay between indictment and trial, which followed trial of co-defendant); *Rhode v. State*, 274 Ga. 377 (552 SE2d 855) (2001) (20 month delay between indictment and trial, which followed trial of co-defendant).

[9] 407 U. S. at 530.

DECIDED FEBRUARY 7, 2005 —
RECONSIDERATION DENIED MARCH 7, 2005.

*Randall M. Clark, Bart G. Altman*, for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Leslie K. DeVooght, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.