## S09A1631. ROGERS v. THE STATE.
(688 SE2d 344)

BENHAM, Justice.

The DeKalb County grand jury returned a true bill of indictment in August 2007 that charged appellant Eric Rogers with malice and felony murder in connection with both the 1991 death of Mark Birmingham and the 1995 death of Darnell Patterson. This direct appeal follows the trial court's denial of appellant's amended motion for discharge and acquittal in which appellant sought relief pursuant to OCGA § 17-10-171 (b) (statutory speedy trial provision) and his constitutional right to a speedy trial found in the Sixth Amendment to the United States Constitution and Article I, Section I, Paragraph IX (a) of the 1983 Georgia Constitution.[1] The appeal is limited to review of the trial court's denial of appellant's motion based on his constitutional right to a speedy trial.[2]

The constitutional right to a speedy trial attaches at the time of arrest or when formal charges are brought, whichever is earlier. *Boseman v. State*, 263 Ga. 730 (1) (438 SE2d 626) (1994). Because appellant was serving a sentence on an unrelated charge in Mississippi when the DeKalb indictment was returned, the date of the DeKalb County indictment is the crucial date in this case. *Jones v. State*, 284 Ga. 320 (2) (667 SE2d 49) (2008) (date of indictment is the crucial date for a prisoner already incarcerated on a prior offense). Because appellant has yet to be tried on the murder charges, the focus is on the twelve-month, ten-day period of time between the return of appellant's murder indictment on August 23, 2007, and the filing of the motion to dismiss on September 2, 2008. See id. at 323.

Upon a defendant showing that the delay is "presumptively

---

[1] A direct appeal from the denial of a motion for discharge and acquittal is authorized by this Court in *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985), and a direct appeal from the denial of a constitutional motion for speedy trial is authorized by this Court's decision in *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002).

[2] Appellant concedes the statutory demand for trial was filed prematurely since it was filed before appellant was indicted. "Where a statutory demand is filed before the indictment is returned, the demand is a nullity and provides no ground for granting a plea in bar for failure to try the case within the statutory period." *Day v. State*, 187 Ga. App. 175 (2) (369 SE2d 796) (1988). Furthermore, as the trial court ruled, appellant's post-indictment correspondence with the trial court's clerk's office in which he asked that his premature demand be filed in the case stemming from the indictment, did not constitute a proper demand since it was not served upon the prosecutor and upon the judge to whom the case was assigned, as is statutorily required. OCGA § 17-7-170 (a). See *Webb v. State*, 278 Ga. App. 9 (1) (627 SE2d 925) (2006).

prejudicial," a court faced with a motion alleging violation of the constitutional right to a speedy trial then engages in "a difficult and sensitive balancing process" in which it assesses the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant in order to decide whether an accused's constitutional right to a speedy trial has been violated. *Barker v. Wingo*, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972); *Wimberly v. State*, 279 Ga. 65, 66 (608 SE2d 625) (2005). See also *Bowling v. State*, 285 Ga. 43 (1) (a) (673 SE2d 194) (2009); *Jones v. State*, supra, 284 Ga. at 323; *Williams v. State*, 282 Ga. 561 (4) (651 SE2d 674) (2007).[3] A criminal defendant "cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992).[4]

"[T]he length of delay that will provoke [the inquiry into the *Barker v. Wingo* factors] is necessarily dependent upon the peculiar circumstances of the case. . . . [T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker v. Wingo*, supra, 407 U. S. at 530-531. In the case at bar, one year and ten days elapsed between appellant's indictment and the filing of his motion to dismiss. The "peculiar circumstances" of this case include the process of obtaining a requisition warrant from the Mississippi governor, which process was initiated within a month of appellant's indictment and took three months before the warrant was issued; appellant was brought to Georgia in February 2008, two months after the warrant issued, and was arraigned in April 2008; his case was on the trial calendar for June 2, 2008, but was not reached, and he filed his motion to dismiss three months later, on September 2, 2008.

The circumstances of this case warrant a finding that the twelve-month, ten-day delay between appellant's indictment and the filing of his motion to dismiss was not "presumptively prejudicial." Accordingly, the trial court did not err when it denied appellant's motion to dismiss based on a purported violation of his constitutional right to a speedy trial.

*Judgment affirmed. All the Justices concur.*

---

[3] In the case at bar, the trial court engaged in the balancing process following the State's concession that the delay was presumptively prejudicial.

[4] Several murder convictions appealed to this Court recently have featured pre-trial delays of more than 12 months. See, e.g., *Webb v. State*, 284 Ga. 122 (663 SE2d 690) (2008) (14 months); *Martinez v. State*, 284 Ga. 138 (663 SE2d 675) (2008) (23 months); *Ventura v. State*, 284 Ga. 215 (663 SE2d 149) (2008) (18 months); *Smith v. State*, 284 Ga. 304 (667 SE2d 65) (2008) (16 months); *Stahl v. State*, 284 Ga. 316 (669 SE2d 655) (2008) (14 months).

DECIDED JANUARY 25, 2010.

*Corinne M. Mull*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Harold A. Buckler, Leonora Grant, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.