## A11A0673. HARRIS v. THE STATE.

(713 SE2d 665)

DOYLE, Judge.

A Hall County jury convicted Joseph Rodrius Harris of conspiracy to commit armed robbery and simple assault, but acquitted him of attempted armed robbery. Harris appeals from the denial of his amended motion for new trial, contending that the evidence was insufficient to support his conviction for conspiracy to commit armed robbery. For the following reasons, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[1] So viewed, the evidence shows that in October 2007, Cecilia Allen picked up Harris in her car, along with three other men, two of whom had guns. Soon thereafter, Allen stopped, and the four men exited the vehicle and approached Joshua Johnson on his porch. Johnson did not recognize any of the men. While two men pointed their guns at Johnson, Harris told him to "give it up." After Johnson responded that he did not have anything, Harris tried to grab and swing at Johnson. Fearing that he would be shot, Johnson opened the door to his house, ran inside, and locked the door. The assailants then left.

After Johnson told his mother what happened, they flagged down a passing police car and reported the events, describing the assailants and what Johnson believed to be their vehicle, a dark Impala. Later that night, the officer drove Johnson to a bus station where the Impala had been pulled over in a traffic stop, and Johnson was able to identify Harris as one of the men who tried to rob him. Johnson also identified Harris from a booking photograph. The other perpetrators were arrested later.

Harris was indicted for attempt to commit armed robbery, conspiracy to commit armed robbery, and simple assault. Harris and two others were tried together, but the fourth assailant, Monquis Ware, pleaded guilty to charges based on the attempted robbery. At trial, Johnson identified Harris as the perpetrator who tried to grab and swing at him after telling him to "give it up." Ware also testified on behalf of the State and told the jury that he heard Harris tell the victim to "give it up" while Ware and Harris's co-defendant pointed guns at the victim.

During its deliberation, the jury presented several questions to the Court, asking whether one had "to be holding a weapon in order to be charged for armed robbery," and seeking clarification — with respect to conspiracy — on the legal definition of "presence, com-

---

[1] (Punctuation omitted.) *Kelley v. State*, 279 Ga. App. 187 (630 SE2d 783) (2006).

panionship, and conduct before *and* after commission of the alleged offense," including whether "the 'and' mean[s] and/or or does it have to be both before and after" the commission of the alleged offense. After conferring with counsel, the trial court recharged the jury, clarifying the definitions and explaining the questioned conspiracy law. At the trial's conclusion, the jury found Harris not guilty of criminal attempt to commit armed robbery, but found him guilty of conspiracy to commit armed robbery and of simple assault. Subsequently, Harris filed a motion for new trial and an amended motion for new trial, both of which the trial court denied after a hearing. This appeal followed.

Harris contends that the evidence failed to support his conviction for conspiracy to commit armed robbery because the jury acquitted him of attempt to commit armed robbery, thereby, according to Harris, rejecting all direct evidence of his involvement in the conspiracy to commit armed robbery. We disagree.

The indictment alleged the following facts to support the offense of attempted armed robbery: that Harris told the victim to "give it up," and that Harris attempted to strike him. Likewise, with respect to the conspiracy to commit armed robbery, the indictment alleged that Harris told the victim to "give it up." Because the jury found him not guilty of attempted armed robbery, Harris contends that the jury must have rejected the underlying factual allegation, and having done so, it rendered an inconsistent verdict when it found him guilty of conspiracy to commit armed robbery, which was predicated on the same facts.

However,

> [i]n *Milam v. State*,[2] the Supreme Court of Georgia, adopting the rationale set out by the United States Supreme Court in *United States v. Powell*,[3] abolished the rule that inconsistent verdicts in irreconcilable conflict in criminal cases warranted reversal. In *Powell*, the Court found that inconsistent verdicts could be the result of jury mistake, compromise, or lenity, but it is unknown whether the mistake, compromise, or lenity was exercised in favor of the defendant or the prosecution. . . . *[A]ppellate courts cannot know and should not speculate why a jury acquitted on one offense and convicted on another offense*.[4]

---

[2] 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[3] 469 U. S. 57, 64-65 (105 SC 471, 83 LE2d 461) (1984).

[4] (Citations and punctuation omitted; emphasis supplied.) *Artis v. State*, 299 Ga. App. 287, 292 (5) (682 SE2d 375) (2009). See also *Coleman v. State*, 286 Ga. 291, 296 (4) (687 SE2d 427) (2009) ("a defendant cannot attack as inconsistent a jury verdict of guilty on one count

Nevertheless, Harris relies on an exception to this doctrine applicable when the record presents an "anomalous situation in which we need not speculate whether the jury verdict is the product of lenity or of legal error."[5]

> [W]hen instead of being left to speculate about the unknown motivations of the jury[,] the appellate record makes transparent the jury's reasoning why it found the defendant not guilty of one of the charges, there is no speculation, and the policy explained in *Powell* and adopted in *Milam* . . . does not apply.[6]

Harris argues that the jury's questions and its verdict of not guilty of attempted armed robbery demonstrate that the jury rejected the evidence that he committed the overt act supporting his conviction on the conspiracy to commit armed robbery count. However, the record fails to support this conclusion other than by speculation.[7] The verdict form shows no more than "guilty" or "not guilty" as to each count of the indictment,[8] and this Court cannot determine if the jury's verdict reflected inconsistent factual conclusions, lenity, compromise, or legal error.[9] Because the appellate record does not make transparent the jury's reasoning, the *Powell* doctrine applies in this case, and Harris's enumeration is without merit.[10] The record contains direct evidence, from both the victim and an accomplice, that Harris rode in a car with four other men (two of whom openly displayed handguns), approached the victim, told him to "give it up," and attempted to impede the victim's flight while the others aimed their weapons at the victim. It was for the jury to interpret this evidence, and construed in favor of the verdict, this evidence was sufficient to demonstrate a conspiracy to commit an armed robbery.[11]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

---

[5] *Turner v. State*, 283 Ga. 17, 21 (2) (655 SE2d 589) (2008).

[6] (Punctuation omitted.) Id. at 20-21 (2). Compare *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004) (*Powell* policy inapplicable because the conviction on the predicate offense was vacated due to ineffective assistance of counsel).

[7] See *Smith v. State*, 304 Ga. App. 708, 711 (3) (699 SE2d 742) (2010).

[8] Compare *Turner*, 283 Ga. at 21 (2) (where the verdict form returned by the jury noted whether or not the jury was finding that the defendant was justified in his actions).

[9] See *Rogers v. State*, 291 Ga. App. 202, 203 (661 SE2d 615) (2008).

[10] See *Artis*, 299 Ga. App. at 293 (5).

[11] See *Pinkins v. State*, 243 Ga. App. 737, 738-740 (1) (534 SE2d 192) (2000).

DECIDED JULY 1, 2011.

*W. McCall Calhoun, Jr.*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.